[Sac. No. 4464.  In Bank.—October 29, 1930.]

SAMUEL W. GREEN, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

J. S. Daly and R. Platnauer for Petitioner.

John A. Sinclair for Respondent.

LANGDON, J.—This is a petition to review a resolution of the Board of Governors of The State Bar recommending the disbarment of Samuel W. Green, petitioner herein.

The testimony before the local administrative committee of the county of Sacramento is practically uncontradicted, and establishes the following facts: Petitioner was engaged to act as attorney for Daniel Oliveria in a suit to collect the sum due on a promissory note, the agreement being that in the event of collection the fee would be $400. Some time in February, 1928, the action was successfully concluded and the defendant paid the sum of $1266.16 to petitioner, which sum petitioner deposited in his single bank account under the name of S. W. Green, trustee. He made no mention of the conclusion of the litigation to Oliveria until October, 1928, when he sent him a check for $500. On November 11, 1928, he wrote to Oliveria that he was

having difficulty in collecting the rest of the money from the adverse party. On January 12, 1929, he sent Oliveria a check for $350 bearing the date of January 17, 1929, which sum appears to have been the balance due the client, after deducting expenses and the fee. In his accompanying letter he gave the death of his aunt as the reason for his being short of funds, and also promised to send a complete statement in a few days covering "all of the money involved". The check was cashed by Oliveria at the Bank of Italy, Concord branch, on January 22, 1929. It was thereafter returned, marked "Account closed." On two subsequent occasions Oliveria, upon advices from petitioner, deposited the check, with the same result. On February 21, 1929, he placed the matter in the hands of another attorney, who demanded payment. Petitioner wrote back in reply that he had been ill and was trying to raise the money on a loan from friends, and that he appreciated Oliveria's leniency and desired a little more time. The attorney answered, giving him until March 1st. Thereafter, on March 15th, the check was placed in the hands of the district attorney of Sacramento County. Several conferences were held in his office, but his efforts to secure payment were likewise unsuccessful. On September 13, 1929, petitioner was served with a complaint before the local administrative committee of The State Bar, verified by Oliveria as complainant, and setting forth the above facts. The next day the money was paid to the bank.

Petitioner's defense, as appears from his answer (filed subsequent to the hearing), is that it had been agreed between his client and himself that upon collecting the amount of the judgment, he might retain the sum of $350 as a loan. He testified that the agreement was made orally in a conversation in the courthouse at Stockton, at which one Dennis was present and acting as interpreter for Oliveria, who spoke English imperfectly. The only evidence in support of this defense is petitioner's own statement; and he further testified that no memorandum was ever made; that no time was set for the duration of the loan; and that no interest was specified although it was in some way understood that $25 extra should be returned as interest. On the other hand, Oliveria denied any such agreement, and Dennis had no recollection of it. Petitioner declared that he

told the district attorney about it; but an officer of the bank, who was present at the conferences, testified that no such discussion took place. Petitioner was unable to produce any writing mentioning the purported loan, and neither the letter to Oliveria nor the one to his attorney made any mention of such a loan. Each letter, in fact, assigned an entirely different reason for the failure to send the money.

From these facts the committee found petitioner guilty of conduct involving moral turpitude, and recommended his disbarment, which finding and recommendation were approved by the Board of Governors of The State Bar.

Petitioner refused to make any statement in his own behalf at the hearing, called no witnesses, introduced no evidence and did not cross-examine opposing witnesses. Hence, except for occasional answers which he made to questions put by members of the committee, the record is devoid of support for his alleged defense. He justifies his conduct with the assertion that the proceedings were improper in that the attorney whom he had selected to represent him was unable to be present at the hearing, and that the committee should therefore have granted his request for a continuance. ■ The committee was, perhaps, in error in denying this request. However, petitioner had ten days after service of the complaint to make his arrangements, and did not even file an answer thereto. He made no attempt to secure an extension of time, but instead, prior to the day of the hearing, signed a written stipulation acknowledging his readiness to proceed on that date. The committee recessed for a short time on the afternoon of the hearing to permit him to secure counsel, which he claimed to be unable to do. When the hearing was later continued for further testimony, from September 25th to October 7th, he appeared a second time without counsel. Nor can we discover what prejudice is believed by petitioner to have been suffered by him from the refusal to grant his first application for a continuance, for he made no showing of what he expected to prove.

■ No other points made by petitioner are worthy of mention, save the one that the punishment meted out is too severe, and should at most have been suspension. We are inclined to agree with this view. It is not established, we

think, that he had any intention of keeping the money beyond such time as would be required to raise the necessary funds to pay it back. The utterly incompetent manner in which petitioner handled his case, coupled with the refusal of the committee to permit him to secure proper representation, leads us on this review to take the most favorable view to petitioner of this part of his defense. Hence, the offense of which petitioner is guilty is of a serious nature, but not of such proportions as has customarily resulted in an order of disbarment. There are a number of cases in which both the Board of Governors and this court have felt that suspension for a period of years would be adequate punishment, in view of all of the circumstances. A decision much in point here is *In re Petersen,* 208 Cal. 42 [280 Pac. 124], where the recommendation of disbarment was reduced to an order of suspension. With this case in mind, we think that suspension of petitioner for a period of two years would be ample punishment for the misconduct of which he has been found guilty.

It is therefore ordered that the petitioner, Samuel W. Green, be suspended from the rights and privileges of an attorney at law for the period of two years from and after the date of the filing of this order.

Preston, J., Richards, J., Seawell, J., and Curtis, J., concurred.

WASTE, C. J., Dissenting.—I dissent. The record shows conclusively that petitioner appropriated and mingled his client's funds with his own. He withheld the major part of a judgment collected for his client for over six months. He fraudulently, and by misrepresentation, withheld the balance for a year, before he gave his client a check for the amount on a bank in which he knew he had no account. He did not pay the amount until after his client had engaged other counsel, placed the matter in the hands of the district attorney, and filed the accusation with The State Bar.

The majority opinion contains a correct statement of petitioner's attitude before the local administrative committee, but I do not believe he was improperly treated. He had no sufficient defense, and, in my opinion was "stalling for time" in an endeavor merely to postpone what he must have

known would be an unfavorable recommendation in his case. The majority opinion points to "the utterly incompetent manner in which petitioner handled his case" before the local committee, which, to my mind, is but further evidence of the fact that he is unfit to be entrusted with important matters by clients.

The recommendation of the Board of Governors of The State Bar should have been approved, and the petitioner disbarred from the further practice of the law.

Shenk, J., concurred.